IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL W. MERRITT,

    Plaintiff,

vs.                               Case No. 4:08cv126-RH/WCS

FLORIDA PAROLE COMMISSION,
et al.,

    Defendants.

                                        /

## REPORT AND RECOMMENDATION

Service of the *pro se* Plaintiff's second amended complaint, doc. 20, was directed in late December, 2008. Doc. 25. Service was complete as to Defendants Davis, Wolson, Dunphy, and Simmons, docs. 26-30, but has not been carried out as to former Parole Commissioner Jimmie Henry.

Defendants Simmons, Dunphy, Wolson, and David filed a motion to dismiss, doc. 37, asserting that Defendants have absolute quasi-judicial immunity and are protected by qualified immunity, that Plaintiff's claims for mental and emotional damages are barred by the PLRA, that he fails to demonstrate any denial of access to the courts, and that *respondeat superior* is not available in § 1983. Doc. 37. Plaintiff was ordered to

respond to the motion to dismiss, doc. 38, and his response was filed on May 18, 2009. Doc. 39.  The response submits a number of documents.

**Allegations of the Second Amended Complaint, doc. 20**

Plaintiff alleges that in was released on parole in 1991 and remained at liberty until 1999 when he was unlawfully arrested without a warrant for domestic battery.  *Id.*, at 7.  Although the charges were dismissed, and the parole hearing examiner found Plaintiff "not guilty" of the violation charged, Plaintiff's parole was revoked by the Parole Commission on March 1, 2000.  *Id.*  Plaintiff filed a petition for writ of habeas corpus in February of 2003, which was denied on April 21, 2004.  *Id.*  Plaintiff's appeal was successful, however, and on January 5, 2005, Plaintiff alleges that the First District Court of Appeal granted the writ of habeas corpus and quashed the circuit court order.  *Id.*  Upon remand, the circuit court directed Plaintiff's immediate release and restoration to parole.  *Id.*, at 8.  Plaintiff filed this § 1983 seeking damages for the five years and eight months that Plaintiff was held in "false imprisonment" by the Parole Commission.

Plaintiff also sought damages pursuant what he terms "the Freedom of Information Act, Public Records Requests."  Doc. 20, p. 12.  Plaintiff alleges the Commission, through its employees, "deleted, erased and disturbed the audio tapes of Plaintiff['s] revocation hearing" which he contends prevented him from having "adequate access to the court or court of appeal."  *Id.*  This is not construed as a federal Freedom of Information Act claim since Defendants are agents of the State of Florida.  The claim instead is construed as a First Amendment denial of access to the courts, with a potential subsidiary state law public records claim.

**Standard of Review**

A district court has wide discretion in electing whether or not to consider matters outside the pleadings. Skyberg v. United Food and Commercial Workers Intern. Union, AFL-CIO, 5 F.3d 297, 302 (8th Cir. 1993). So long as the judge rules only on the motion to dismiss, even though "matters outside the pleadings were presented to the court, defendant's motion to dismiss [is] not converted into a summary judgment motion." E.E.O.C. v. Reno, 758 F.2d 581, 583 n.6 (11th Cir. 1985), *citing* Ware v. Assoc. Milk Producers, Inc., 614 F.2d 413 (5th Cir. 1980). "[T]he mere presence of such matters does not affect a Fed. R. Civ. P. Rule 12 dismissal where a court clearly rules only on the motion to dismiss." St. Joseph's Hosp., Inc. v. Hospital Auth. of America, 620 F. Supp. 814, 820 (S.D. Ga. 1985), *relying on* E.E.O.C., 758 F.2d at 583. Thus, a Rule 12(b)(6) motion to dismiss may still be granted by looking solely to the complaint and Defendant's motion, notwithstanding the fact that Plaintiff has filed other documents. A review of the sufficiency of the complaint is therefore appropriate.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960). The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352

(Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).

The issue presented by a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S.544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that dismissal should not be ordered unless it appears beyond doubt that plaintiff could prove "no set of facts" in support of his claims which would entitle him to relief).  The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.  Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

A court must accept the factual allegations of the complaint as true, Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not

permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). The court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

**Analysis**

Defendants are current and former Commissioners of the Florida Parole Commission. Doc. 37, p. 1. Plaintiff is currently incarcerated within the Florida Department of Corrections and was at the time of case initiation on March 20, 2008. Doc. 1, p. 2. Plaintiff sues Defendants in their individual capacities for monetary damages from actions taken by Defendants as parole commission members. In such capacity, Defendants "assert their absolute immunity from suits against them individually as to parole decisions." Doc. 37, p. 3.

Defendants rely upon Holmes v. Crosby, 418 F.3d 1256 (11th Cir. 2005) as establishing that they have quasi-judicial immunity from an award of damages in their individual capacities. The plaintiff there was arrested on a parole warrant, parole was revoked, and he was returned to prison. 418 F.3d at 1257. Holmes was released by the parole board, which found "a serious breach in communication" in the circumstances of Holmes' parole. *Id.* Holmes then sued members of the parole board for false

imprisonment and due process violations.  *Id.*  After the district court denied the Board's summary judgment motion, the Eleventh Circuit Court of Appeals reversed.  *Id.*, at 1259.  The court held that when parole officers are acting within the scope of their duties when testifying in parole revocation hearings, they are entitled to absolute quasi-judicial immunity.  *Id.*, at 1258-59.  In reaching that decision, the court relied on case law which has "repeatedly" held that "individual members of the Parole Board are entitled to absolute quasi-judicial immunity from a suit for damages."  *Id.*, at 1258, citing Fuller v. Georgia State Bd. of Pardons & Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988); *see also* Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990); Sultenfuss v. Snow, 894 F.2d 1277, 1278-79 (11th Cir. 1990), vacated and aff'd on other grounds after rehearing en banc, 35 F.3d 1494 (11th Cir. 1994); *see also* Cruz v. Skelton, 502 F.2d 1101, 1101-02 (5th Cir. 1974).  That well established case law controls the issue here and Defendants are entitled to absolute quasi-judicial immunity from an award of monetary damages in their individual capacities.[1]

There is no need to address the other defenses of qualified immunity or that the PLRA, specifically whether 42 U.S.C. § 1997e(3) bars Plaintiff's claim for mental or emotion injury.  No monetary award is available to Plaintiff regardless of the nature of his claims.

As was the case in Holmes, dismissal of the damages claims leaves only Plaintiff's claim for declaratory relief.  Because "there is no declaratory relief available,"

---

[1] Plaintiff's argument that Holmes is not similar because Holmes was found guilty by the examiner and Plaintiff was found not guilty is irrelevant.  Doc. 39-2, p. 4.  It is not the result of the decision that matters, but the very fact that the Board sits in the position to render a quasi-judicial decision.

Defendant's motion to dismiss should be granted on the false imprisonment claim.  *See* Holmes, 418 F.3d at 1259.

Plaintiff also brought a claim for denial of access to the courts.  Plaintiff alleged, without explanation, that the destruction of "audio tapes of Plaintiff['s] revocation hearing" deprived him of "adequate access to court and court of appeal."  Doc. 20, p. 13.

A claim for denial of access to courts is a violation of the First Amendment.  To present such a claim, an inmate must allege "actual injury."  Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).  Moreover, "[t]he injury which the inmate must demonstrate is an injury to the right asserted, i.e. the right of access." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).  Thus, as established by the Supreme Court, the conduct complained of must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim, and the legal claim must be attacking the prisoner's sentence, directly or collaterally, or challenging the conditions of his confinement.  Lewis, 518 U.S. at 352-57, 116 S. Ct. at 2181-82;[2] *see also* Bass, 143 F.3d at 1445.

Here, the second amended complaint is insufficient to explain how or when Plaintiff was denied access to the courts, or how having the audiotapes would have granted Plaintiff access to the courts.  Moreover, Plaintiff's allegations make clear that he was able to file a habeas petition in state court and, thus, he had access to state courts.  Ultimately, Plaintiff filed an appeal which was successful.  Plaintiff has not

---

[2] "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Lewis, 518 U.S. at 355, 116 S. Ct. at 2182.

shown injury.  To the degree Plaintiff alleges his claim should go forward based on not being provided records pursuant to a state law public records request, doc. 39-2, pp. 10-11, that is a state law claim and not a federal constitutional claim.  Consequently, because Plaintiff has not alleged facts to show he was denied access to the courts in violation of his First Amendment rights, the motion to dismiss should be granted on this basis as well.

As service has never been carried out on Defendant Henry, and because Plaintiff's claims cannot succeed as a matter of law, the complaint should also be dismiss as to Defendant Henry.  Plaintiff acknowledges he has "no way of finding" the missing Defendant.  Doc. 39-2, p. 16.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 37, be **GRANTED** and Plaintiff's amended complaint, doc. 20, be **DISMISSED** because Defendants are entitled to absolute quasi-judicial immunity and because the complaint fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

**IN CHAMBERS** at Tallahassee, Florida, on October 26, 2009.


    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**